**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**NINA AMAYY' EDE JONES,** *et al.*,

    **Plaintiffs,**

v.

**PRINCE GEORGE'S COUNTY,** *et al.*,

    **Defendants.**

Civil Action No.  AW-04-1735

## MEMORANDUM OPINION

Following an oral hearing on September 28, 2004, this Court entered an Order, *inter alia*, granting Defendants' Motion for Bifurcation and Stay of Discovery of Plaintiffs' Monell claims.  Additionally, the aforementioned Order also, *inter alia*, granted individual Defendants Prince George's County ("PG County") and PG County Chief of Police John Farrell's ("Chief Farrell") Motion to Dismiss Counts II and IV of Plaintiffs' Second Amended Complaint.  Currently pending before this Court are Plaintiffs' Motion for Reconsideration [113] and Plaintiffs' Motion for a Hearing [114].  The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary.[1]  See Local Rule 105(6) (D. Md. 2004).  For the reasons to follow, Plaintiffs' Motion for Reconsideration is denied.

**DISCUSSION**

I.    Reconsideration of Bifurcation

Plaintiffs move this Court to amend its September 28, 2004 Order granting bifurcation and granting

---

[1] Plaintiffs have entered a "request" for a hearing.  The Court has reviewed Plaintiffs' request and determined that a hearing is unnecessary.  The Court will consider Plaintiffs' request for a hearing as a Motion for a Hearing, and said Motion is hereby denied.

a stay of discovery. Plaintiffs request that this Court deny Defendants' Motion for Bifurcation (in other words, Plaintiffs seek consolidation), or in the alternative, Plaintiffs request that this Court deny Defendants' Motion to Stay Discovery with regard to the Monell claims. Essentially, Plaintiffs argue that (1) bifurcation unfairly prejudices Plaintiffs' ability to bring wrongful death claims against Defendants; and (2) bifurcation is no longer warranted in light of individual Defendant Carlton Jones's recent military activation. The Court will address each contention in turn.

Plaintiffs first contend that as a result of bifurcation, they will be unable to proceed with their present claims until the claims in the parallel case of Mable Jones v. Prince George's County, 04-3044, are resolved. The Court is not persuaded. At the September 27, 2004 hearing, the parties had an opportunity to address the issue of bifurcation. Despite this opportunity, Plaintiffs failed to raise any of the present arguments during the oral hearing.

Nonetheless, even considering the merits of Plaintiffs' claims, the Court is not convinced that bifurcated is warranted at the present time. The Court previously stayed the present action because the same parties and similar causes of action were involved in the parallel action of Mable Jones v. Prince George's County, 04-3044. The Court informed the parties during oral hearing that, at the present juncture, the interests of judicial economy would best be served through bifurcation. The Court stated during the oral hearing, that it would be willing to reconsider consolidation if future circumstances so warranted. Therefore, the Court cannot conclude that Plaintiff has been prejudiced as a result of bifurcation.

Plaintiff also contends that changed circumstances are now present to warrant reconsideration on the issue of bifurcation. Specifically, Plaintiff points to the fact that individual Defendant Carlton Jones was

recently activated to military service outside the United States. Therefore, Plaintiff requests that the Court allow discovery to proceed with regard to its Monell claims. Plaintiffs' argument is moot. The Court has recently issued a Memorandum Opinion & Order dismissing Plaintiffs' Monell claims. Because Plaintiffs no longer have valid Monell claims, discovery is unnecessary. Therefore, the Court cannot conclude that bifurcation has resulted in prejudice to Plaintiff.

For the same reasons, Plaintiffs' alternative argument for this Court to remove the stay on discovery is denied.

II.     Reconsideration of Dismissal based on Immunity

Plaintiffs also challenge this Court's ruling dismissing Counts II and IV of their Second Amended Complaint. Subsequent to the oral hearing, the Court dismissed Plaintiffs' allegations that Defendants PG County and Chief Farrell violated common law negligence and the Maryland Wrongful Death Act on the basis of governmental immunity.

Plaintiffs now contend that this Court erred by ruling on a motion, without a hearing, that all parties regarded as moot. This argument lacks merit. As Defendants point out, Plaintiff incorrectly states that Defendants admitted during the oral hearing that all motions were moot. Additionally, during the oral hearing, the Court specifically referred Plaintiffs to docket numbers concerning motions filed prior to this matter being heard by the Maryland Court of Appeals. Moreover, this Court's September 28, 2004 Order expressly stated "[t]hat all motions filed *before* the Maryland Court of Appeals judgment [12, 17, 20, 29, and 36]" were denied as moot. As applied here, because the contested Motion, paper number 57, was clearly filed *after* the Maryland Court of Appeals judgment, it clearly was not one of the motions the Court deemed moot.

3

Plaintiffs also argue that this Court erred by allowing Defendants Carlton Jones ("Jones") and Alexandre Bailey ("Bailey") to exercise immunity for actions that occurred outside of their official capacity. This argument also lacks merit. Defendants never raised, nor did this Court's aforementioned Order address, whether Defendants Jones and Bailey have immunity. Stated differently, the Court's aforementioned Order only dismissed Defendants Prince George's County and Chief Farrell on the basis of governmental immunity. Because the Court never granted immunity to Defendants Bailey and Jones, Plaintiffs have no basis for reconsideration. Thus, Plaintiffs' Motion for Reconsideration is hereby denied.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Reconsideration and Motion for a Hearing are hereby DENIED. A separate Order shall follow.

March 21, 2005                                                        /s/
Date                                                                        Alexander Williams, Jr.
                                                                                United States District Judge